378 A.2d 993

**COMMONWEALTH of Pennsylvania**

v.

**Dorothy Louise WALTERS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1976.

Decided Oct. 6, 1977.

James D. Murphy, Assistant Public Defender, Waynesburg, for appellant.

W. Bertram Waychoff, District Attorney, Waynesburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted of receiving stolen property. She argues that the lower court erred in dismissing her motion to quash the indictment.

■■ The indictment charged that on or about December 31, 1974, appellant "did unlawfully, feloniously and intentionally receive, retain, or dispose of movable property of another, to-wit: household furnishings, appliances, clothing, bedding, and numerous other small articles, belonging to Glenn and Linda McCracken, of the total value of $2,335.00, in violation of Section 3925, of the Pa. Crimes Code." Section 3925 * provides, in pertinent part:

(a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

* Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 3925.

Thus appellant's argument is that the indictment was defective because it did not include language referring to the element of knowledge that the property was stolen.

Pa.R.Crim.P. 213(a) provides that

[a]n indictment . . . shall be valid and sufficient in law if it contains:

. . . . .

(5) A plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; . . . .

The indictment here did not meet this requirement. Nor can the defect be cured, as the Commonwealth suggests, by the indictment's citation of the applicable statutory section. Such citation is required by Rule 213(b) in addition to, not in substitution for, the requirement of Rule 213(a)(5).

■ Since the indictment was defective, the conviction cannot stand. *See Commonwealth v. Brown & Rubin*, 149 Pa.Super. 130, 134–35, 28 A.2d 259, 261 (1942), *rev'd on other grounds*, 346 Pa. 192, 29 A.2d 793 (1943).

Reversed.

PRICE, J., dissents.