582 A.2d 387

COMMONWEALTH of Pennsylvania

v.

Francine KREISER, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 2, 1990.

Decided Nov. 5, 1990.

Thomas A. Thornton, Harrisburg, for appellant.

Kathy G. Wingert, Deputy Dist. Atty., Harrisburg, for Com., appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

OLSZEWSKI, Judge:

In this case, appellant appeals from the judgment of sentence rendered by the Dauphin County Court of Common Pleas, following her conviction for unlawful delivery of a controlled substance, cocaine. We affirm.

The charges against appellant arose out of her sale of .88 grams of cocaine to a confidential police informant in front of the Mansberger Elementary School. After appellant's arrest, District Justice Judy held a preliminary hearing on March 20, 1989, and bound over the charge for court. The Commonwealth filed a criminal information on May 31, 1989, charging appellant with unlawful delivery of cocaine in front of Mansberger Elementary School.

On August 7, 1989, appellant appeared before the Honorable Sebastian Natale, and entered a plea of guilty. Immediately thereafter, the judge ordered a county pre-sentence investigation. After the pre-sentence investigation was complete, Judge Natale sentenced appellant to fifteen (15) to thirty (30) months in a state correctional institution. The judge stated: "Miss Kreiser, I want you to know that the

Court could have sentenced you under the enhanced sentencing procedures for a minimum of not less than 18 months to 51 months, and the Court has elected to impose a minimum of 15 months. I want you to understand that." Appellant answered, "I understand." (N.T. sentencing, 12.)

Appellant filed a motion to quash enhanced sentencing on August 8, 1989. In that motion, appellant alleged that she was entrapped into making the sale in front of the school, and that the statute under which she was convicted, Act 31 of the Session of 1988, Section 6314(b)(3), was void for vagueness. In response, the Commonwealth answered that it was not seeking mandatory sentencing under Act 31, but was pursuing an enhanced sentence under the provisions of 204 Pa.Code § 303.9. The Commonwealth also answered that entrapment is an affirmative defense at trial, and that appellant had waived that defense by pleading guilty. The Court therefore denied the motion to quash enhanced sentencing, and appellant then filed a notice of appeal with the Superior Court.

On appeal, appellant argues that the trial court abused its discretion by imposing an enhanced sentence without a hearing. According to appellant, the Commonwealth must prove, by a preponderance of the evidence, that the defendant delivered a controlled substance within 1,000 feet of an elementary school. Appellant states that at a hearing, she could have proved that the transaction took place at the behest of a paid police informant, and that she was entrapped into the provisions of § 303.9(c)(2). Furthermore, appellant argues that the Commonwealth should have given notice before asking for enhanced sentencing.

Sentencing is a matter vested in the sound discretion of the trial court, and the lower court's judgment of sentence will not be disturbed absent an abuse of discretion. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Meo*, 362 Pa.Super. 328, 524 A.2d 902 (1987), *alloc. den.* 516 Pa. 632, 533 A.2d 91 (1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. When

reviewing sentencing matters, we must accord the sentencing court great weight, since it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall nature of the crime. *Commonwealth v. Fries*, 362 Pa.Super. 163, 167, 523 A.2d 1134, 1135 (1987), *alloc. den.* 515 Pa. 619, 531 A.2d 427 (1987). The facts of this case do not suggest abuse of discretion.

■ No case authority exists to clarify § 303.9(c)(2). Thus, in order to understand the events in the instant case, it is necessary to examine cases construing 204 Pa.Code § 303.4(a), which begins in the same manner as § 303.9(c)(2):

> (a) *When the court determines* that the defendant possessed a deadly weapon, as defined in 18 Pa.C.S. § 2301, during the commission of a current conviction offense, at least 12 months and up to 24 months shall be added to the guidelines sentence range which would otherwise have been applicable.

204 Pa.Code § 303.4(a).

Defense counsel contends that the language "when the court determines" requires a hearing, and that therefore, the analogous language in § 303 also requires a hearing. A review of case law belies that contention. For example, in *Commonwealth v. Septak*, Pa.Super., 359 Pa.Super. 375, 518 A.2d 1284 (1986), the Superior Court examined whether notice must be given to a defendant concerning the enhanced provisions of the sentencing guidelines. The Court stated: "We know of no case law that requires that a defendant be advised of the specific sentencing guidelines which are applicable to his case prior to the court's acceptance of his guilty plea, nor such notice specifically required by statute." *Id.* 518 A.2d at 1287.

The *Septak* Court went on to distinguish enhanced sentencing guidelines from mandatory sentencing provisions. The Court stated that, under an enhanced sentence, the lower court still has discretion concerning penalties. The

Court continued: "We refuse to require that a defendant must be advised of the suggested minimum sentences set forth in the sentencing guidelines." *Id.* at 1287. (*See also Commonwealth v. Pokorny,* 360 Pa.Super. 384, 520 A.2d 511 (1987), affirming lower court refusal to apply enhancement provision of sentencing guidelines to appellant's sentence.)

Our review of the foregoing case law leads us to conclude that appellant's claim that a hearing must be held to determine the applicability of 204 Pa.Code § 303.9 is without merit. Under analogous provisions, there is no requirement that the judge hold any hearing on the issue of applicability, as long as the relevant facts are placed on the record, and the defendant pleads guilty to these events. The record reveals that the latter requirements were met in the present case.

Appellant came before the Honorable Judge Natale and pleaded guilty to unlawful delivery of a controlled substance in front of the Mansberger Elementary School. She does not deny her guilt, but claims entrapment. Appellant overlooks the fact that entrapment is an affirmative defense at trial and is not part of the sentencing process. Appellant's argument is thus without merit. Similarly, the Commonwealth does not have to give a defendant notice of the sentences he could receive under the sentencing guidelines. That function belongs to defendant's counsel. The Commonwealth must give notice only in cases of mandatory sentencing.

We are satisfied from our review of the record that no abuse of discretion occurred in this case, and that the trial court imposed an appropriate sentence.

Judgment of sentence affirmed.