**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Zelda Jean GRAHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 2002.

Filed May 17, 2002.

Mark S. Zearfaus, Public Defender, Hollidaysburg, for appellant.

David C. Gorman, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before JOHNSON, BENDER, and MONTEMURO * JJ.

* Retired Justice assigned to the Superior Court.

JOHNSON, J.

¶ 1 Where a defendant is convicted of delivery of a controlled substance and the Commonwealth seeks to apply the mandatory sentencing provisions of the drug-free school zone statute, do constitutional guarantees of due process, notice and jury trial require that only a jury may find beyond a reasonable doubt that delivery occurred within 1,000 feet of school property? We conclude that the fact of delivery within a school zone is not an element of the underlying offense of delivery of a controlled substance. We determine that due process does not require that the aggravating factor be submitted for finding by a jury. Accordingly, we affirm the judgment of sentence that resulted from the imposition of a mandatory minimum sentence based upon findings made by the trial judge.

¶ 2 On April 24, 2001, a jury convicted Zelda Jean Graham of possession of a controlled substance, possession with intent to deliver a controlled substance, and criminal conspiracy to deliver a controlled substance. *See* 35 P.S. §§ 780–113(a)(16), (30), and 18 Pa.C.S. § 903 (respectively). On July 5, 2001, the Honorable Norman D. Callan sentenced Graham to serve a term of two to four years' imprisonment. Graham now appeals from the judgment of sentence, and we affirm.

¶ 3 The facts leading to Graham's conviction are not here in dispute, nor are they relevant to the sole issue raised on this appeal. Graham asks us to consider the following question:

> I. WHETHER 18 Pa.C.S. § 6317 IS UNCONSTITUTIONAL UNDER THE PENNSYLVANIA AND UNITED STATES CONSTITUTIONS IN THAT IT VIOLATES A DEFENDANT'S RIGHT TO HAVE A JURY FIND THAT A DRUG SALE WAS MADE WITHIN 1000 FEET OF A SCHOOL ON THE BASIS OF PROOF BEYOND A REASONABLE DOUBT?

Brief for Appellant at 2.

¶ 4 Graham contends that the mandatory sentencing scheme created under 18 Pa.C.S. Section 6317 violates the due process clause of the Fifth Amendment to the United States Constitution, the notice and jury trial guarantees of the Sixth Amendment, and Article 1, Sections 1, 6, and 9 of the Pennsylvania Constitution. Brief for Appellant at 5. She bases this conclusion on her assertion that the essential element of the aggravating circumstance, i.e., delivery within 1,000 feet of school property, constitutes an element of the aggravated offense and therefore must be charged in the information and submitted to a jury and proved beyond a reasonable doubt. We reject this premise. Section 6317(b) expressly provides:

**§ 6317. Drug-free school zones**

\* \* \* \*

> **(b) Proof at sentencing.**—The provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. . . .

18 Pa.C.S. § 6317(b).

¶ 5 Preliminarily, Graham claims that the criminal information was defective. Brief for Appellant at 7–9. Graham relies on *Commonwealth v. Walters,* 250 Pa.Super. 392, 378 A.2d 993 (1977). That case is inapposite. In *Walters,* this Court considered whether an indictment charging the offense of receiving stolen property (RSP) was defective because it did not include language referring to the element of knowledge that the property was stolen. *See Walters,* 378 A.2d at 994. The statute

that sets forth the elements of RSP, 18 Pa.C.S. § 3925, provides that a person is guilty of the crime if that person receives property of another "knowing that it has been stolen." Thus, knowledge is an essential element of the crime of receiving stolen property. *See id.; see also Commonwealth v. Robbins,* 436 Pa.Super. 177, 647 A.2d 555, 557 (1994) (holding Commonwealth must establish beyond a reasonable doubt that defendant knew or should have known property was stolen to obtain RSP conviction). The *Walters* court reversed the RSP conviction solely because the indictment failed to meet the provisions of former Pa.R.Crim.P. 213(a) (rescinded 8/12/93, effective 9/1/93) requiring the indictment to contain a "plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint." That is not the case before us.

■ ¶ 6 Here, a sale within 1,000 feet of a school is not an essential element for conviction of possession with intent to deliver a controlled substance. *See* 35 P.S. § 780-113(a)(30), (f). We conclude that the criminal information before us on this appeal was not defective because the fact that the sale occurred within 1000 feet of a school is not an essential element of the offense of possession with intent to deliver, the crime that was accurately alleged in the criminal complaint. *See* Pa.R.Crim.P. 560(B)(5) (substantially re-stating former Rule 213(a)).

¶ 7 Secondly, Graham asks this Court to apply the case of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and conclude that Section 6317 cannot be applied constitutionally unless its elements are established at trial, to the trial fact-finder, based upon proof beyond a reasonable doubt. Brief for Appellant at 12. We decline the invitation. While Graham includes much of the reasoning of the

dissenting Justices in her brief, she also correctly sets forth the narrow holding of the majority in that case:

> In sum, our reexamination of our cases in this area, and of the history upon which they rely, confirms the opinion that we expressed in *Jones [v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) ]. Other than the fact of a prior conviction, any fact *that increases the penalty for a crime beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt.

*Apprendi v. New Jersey,* 530 U.S. at 490, 120 S.Ct. at 2363, 147 L.Ed.2d at 455 (emphasis added). In *Apprendi,* the United States Supreme Court reviewed a New Jersey statute that provided for an enhanced prison sentence of 10 to 20 years if a trial judge found, by a preponderance of the evidence, that a defendant committed a crime with a purpose to intimidate a person on the basis of specified characteristics including race. *See id.* at 469–70, 120 S.Ct. at 2352, 147 L.Ed.2d at 442. The fact of ethnic intimidation had not been referred to in the indictment. *See id.* The underlying offense for which Apprendi had been convicted, possession of a firearm for an unlawful purpose, is punishable by imprisonment for "between five years and 10 years." *Id.* The "hate crime" statute permitted the maximum sentence to be increased from ten years to twenty years. The Supreme Court held that commission of a crime with a purpose of intimidation permitted an enhanced sentence to increase from a maximum of ten years' to a new maximum of twenty years' imprisonment and, therefore, had to be submitted to a jury and proven beyond a reasonable doubt. *See id.* at 490, 120 S.Ct. at 2363, 147 L.Ed.2d at 455. That is not the case on this appeal.

¶ 8 In this case, the court did not impose a sentence in excess of the statutory maximum. A jury convicted Graham of possession with intent to deliver a controlled substance. The maximum sentence authorized for violation of 18 P.S. § 780–113(a)(30) is fifteen years. *See* 35 P.S. §§ 780–113(f)(1). The mandatory sentencing provision of Section 6317 merely requires a minimum sentence of at least two years, well within the fifteen-year maximum. *See* 18 Pa.C.S. § 6317(a). Judge Callan sentenced Graham to a term of twenty-four months' to a maximum of forty-eight months' imprisonment. As the two-to-four year sentence is not even half of the statutory maximum, this case could not implicate the holding laid down in *Apprendi.*

¶ 9 This case is controlled by our state Supreme Court's decision in *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985) *affirmed sub. nom. McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). In that case, our state law mandated a minimum five-year sentence if the trial court found, by a preponderance of the evidence, that the accused visibly possessed a firearm while committing a specified felony. *See* 42 Pa. C.S. § 9712. *See Wright*, 494 A.2d at 356. Five consolidated appeals were brought to our state Supreme Court to determine whether the fact of physical possession must be treated as an element of the underlying offense, thereby requiring that that fact be proved beyond a reasonable doubt. *See id.* at 357. Our Supreme Court also was asked to determine whether proof by a preponderance of the evidence satisfied the due process requirements. *See id.* Our Supreme Court held, without dissent, that the fact of visible possession of a firearm during commission of one of the specified crimes is not an element of the underlying crime, nor does it constitute a separate offense calling for

a separate penalty. *See id.* at 363. The Court went on to hold that proof by a preponderance of the evidence satisfies due process and is an appropriate standard in establishing the fact required to be established through the Mandatory Minimum Sentencing Act, 42 Pa.C.S. § 9712. *See id.*

¶ 10 The defendants in four of the five consolidated cases appealed to the United States Supreme Court, and that Court affirmed. *See generally McMillan v. Pennsylvania*, 477 U.S. at 79, 106 S.Ct. 2411, 91 L.Ed.2d 67. The United States Supreme Court held that the Mandatory Minimum Sentencing Act did not violate the due process clause of the Fourteenth Amendment and due process did not require Pennsylvania to prove visible possession of a firearm beyond a reasonable doubt. *See* 477 U.S. at 85–86, 91–92, 106 S.Ct. at 2419, 91 L.Ed.2d at 76, 80. We find no meaningful distinction between the issues resolved in *Wright* and *McMillan*, and the issues Graham presents on this appeal. We conclude that the finding by a trial judge that a sale of a controlled substance took place within 1000 feet of a school does not differ in any legally significant way from the finding by a trial judge, under the Mandatory Minimum Sentencing Act, that a defendant visibly possessed a firearm during the commission of a specified offense. In either case, the fact found is not an element of the underlying offense. In neither case does due process require that the aggravating fact be submitted for finding by a jury. We discern no constitutional violation. Accordingly, we affirm the judgment of sentence from which Graham has brought this appeal.

¶ 11 Judgment of sentence **AFFIRMED.**