## COMMONWEALTH of Pennsylvania

### v.

### Omari K. WILSON A/K/A Kevin Weedon, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.

Filed July 25, 2003.

---

───────

Omari K. Wilson, appellant, pro se.

James P. Barker, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT and POPOVICH, JJ.

FORD ELLIOTT, J.

¶ 1 Appellant, proceeding *pro se,* has filed an appeal from his judgment of sentence of four to ten years' incarceration following his plea of guilty to delivery of a controlled substance.[1] We vacate the sentence and remand for re-sentencing. We also dismiss as moot appellant's appeal from the denial of his petition for release on bail pending disposition of this appeal. A summary of the factual and procedural history of the case follows.

¶ 2 On March 22, 2001, appellant sold .47 of a gram of cocaine to a confidential informant and an undercover police officer. Following his arrest on April 22, 2001, the court appointed Diane Morgan, Esq., of the Dauphin County Public Defender's Office to represent appellant. Attorney Morgan received a Sentencing Guideline Form, dated August 14, 2001, indicating a standard sentence range of 21 to 27 months. Subsequently, newly appointed counsel, Justin J. McShane, Esq., also of the Dauphin County Public Defender's Office, received a revised Sentencing Guideline Form, dated February 12, 2002, indicating a standard range of 33 to 63 months, reflecting the addition of the sentencing enhancement required by 204 Pa. Code § 303.9(c) for delivery of a controlled substance within 1,000 feet of a school.

¶ 3 On February 13, 2002, following a guilty plea colloquy during which the court informed appellant that he could receive a maximum sentence of 20 years' incarceration, appellant entered an open plea of guilty to one count of delivery of a controlled substance. (Guilty plea transcript, 2/13/02 at 3, 5.) On March 28, 2002, the court sentenced appellant to four to ten years' incarceration. (Sentencing transcript, 3/28/02 at 7.)

¶ 4 At sentencing, appellant questioned the length of the sentence, claiming he had been told his sentence would range between 21 and 27 months. (*Id.* at 8.) The court then asked counsel for clarification, and Attorney McShane explained that he had reviewed the revised Sentencing Guideline Form with appellant on at least three occasions, and that Attorney Morgan had explained it to him at least once. (*Id.* at 9.)[2] When appellant continued to protest, the court informed appellant that the law only required that appellant be informed of the maximum sentence prior to entering an open guilty plea. (*Id.* at 10.)

¶ 5 Attorney McShane then filed a petition to withdraw as counsel, having been informed by appellant that he wished to proceed *pro se* so that he could raise counsel's ineffectiveness in his post-sentencing motion. The court granted counsel's petition on April 18, 2002, and, by order entered April 26, 2002, allowed counsel to withdraw and appellant to proceed *pro se,* advising appellant he had ten days to file a post-sentencing motion or 30 days to appeal. (R. at 24–4.)

¶ 6 Appellant filed his *pro se* motion to modify and reduce sentence, claiming the

───────

1. 35 P.S. § 780–113(a)(30).

2. We note that the revised Guideline Form was dated August 12, 2002, one day before the guilty plea colloquy.

school zone enhancement was not a part of the plea agreement; counsel told appellant the standard sentencing range was 21 months' imprisonment; and appellant was not charged with violating the school zone statute. (R. at 23–8.) By order entered May 8, 2002, the court granted appellant's application to proceed *in forma pauperis* and denied his motion to modify and reduce sentence. (R. at 25–1.) This timely appeal followed, in which appellant raises the following issues:

I. WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN UTILIZING SENTENCING ENHANCEMENT, WHERE[ ]AS THE RECORD OF PLEA COLLOQUY IS DEVOID OF ANY REFERENCE TO THE ELEMENT OF SCHOOL ZONE ENHANCEMENT AS REQUIRED UNDER TITLE 18 PA.C.S.A. § 6317(b) THEREIN VIOLATING DUE PROCESS WHERE NO FACTUAL EVIDENCE WAS PROVIDED AT SENTENCING HEARING AS REQUIRED BY LAW[.]

II. WHETHER TRIAL COUNSEL PROVIDED EFFECTIVE ASSISTANCE OF COUNSE[L], IN HIS [ ] FAILURE TO OBJECT TO THE COURT UTILIZATION OF THE SCHOOL ZONE ENHANCEMENT WITHOUT PRIOR NOTICE TO PLEA AGREEMENT THEREIN VIOLATING THE 6TH[ ] AMENDMENT OF THE U.S. CONSTITUTION, AND ARTICLE 1 SEC[TI]ON 9 OF THE PA. CONSTITUTION[.]

III. WHETHER THE COMMONWEALTH'S CONDUCT OF ENTRAPMENT VIOLATED DUE PROCESS, WHERE SAID UNLAWFUL CONDUCT WAS UTILIZED TO ENTRAP APPELLANT IN MAKING A DRUG SALE CLOSE TO OR IN A SCHOOL ZONE TO ENHANCE APPELLANT'S EXPECTED SENTENCE FOR UNLAWFUL DELIVERY OF CONTROL[L]ED SUBSTANCE[.]

IV. WHETHER FACTS O[R] STATEMENTS CONTAINED IN BILL[ ]S OF INFORMATION LODGED AGAINST APPELLANT CHARGING HIM WITH THE UNLAWFUL DELIVERY OF A CONTROLLED SUBSTANCE[ ] SHOULD OR HAVE BEEN SUPPRESSED, WHERE SAID FACTS/STATEMENTS ON BILLS OF INFORMATION IS UNSIGNED BY ISSUING AUTHORITY THEREIN VIOLATING TITLE 42 PA. R.CRIM.P. § 560(b)[.]

Appellant's brief at 3.

¶ 7 Appellant's first issue claims the trial court abused its discretion when it applied the school zone enhancement to his sentence where the Commonwealth failed to introduce any evidence that the drug sale occurred within 1000 feet of a school. The Commonwealth claims appellant waived this issue because appellant's counsel at sentencing did not object. (Commonwealth's brief at 10–11.) While we agree that counsel did not object at sentencing, we find appellant preserved the issue by objecting in person, both at sentencing and in his *pro se* motions to reconsider sentencing. (*See* sentencing transcript, 3/28/02 at 8–10.)[3] *See also* appellant's *pro se* motions to modify and reduce sentence, R at 23–8.

¶ 8 We must next address a procedural requirement. As a panel of this court recently observed:

---

3. We have set forth a summary of appellant's exchange with the sentencing court *supra*.

In *Commonwealth v. Archer*, 722 A.2d 203 (Pa.Super.1998) [ (**en banc**) ], we stated, "... any misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence. A claim that the sentencing court misapplied the Guidelines presents a substantial question." *Archer*, 722 A.2d at 211, *overruling Commonwealth v. Johnson*, 421 Pa.Super. 433, 618 A.2d 415, 418–419 (1992) and *Commonwealth v. Palmer*, 700 A.2d 988, 995 (Pa.Super.1997). Thus, Appellant's claim that the lower court erred when calculating his prior record score presents a substantial question that the lower court abused its discretion at the time of sentencing. *Compare Archer, supra* (allegation that lower court miscalculated offense gravity score presents a "legal question," not appealable as of right, but appealable because it raises a substantial question regarding the discretionary aspects of sentence).

*Commonwealth v. Medley*, 725 A.2d 1225, 1228 (Pa.Super.1999), *appeal denied*, 561 Pa. 672, 749 A.2d 468 (2000). Similarly, this court has held that a challenge to the application of a deadly weapon enhancement presents a substantial question because it is a claim that the sentence is inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentenc-

ing process. *Commonwealth v. Pennington*, 751 A.2d 212, 215–216 (Pa.Super.2000), *appeal denied*, 564 Pa. 729, 766 A.2d 1246 (2000), citing *Commonwealth v. Hatcher*, 746 A.2d 1142, 1144 (Pa.Super.2000); *Commonwealth v. Brown*, 741 A.2d 726, 736 (Pa.Super.1999), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001) (other citations omitted). We therefore find that appellant's challenge to application of the school zone enhancement, like a challenge to the application of a deadly weapon enhancement, raises a substantial question, which we may review pursuant to 42 Pa.C.S.A. § 9781(b).[4]

¶ 9 The gravamen of appellant's challenge is that he was not told the school zone enhancement applied to his case until after he pled guilty; Attorney McShane misled him into believing the applicable sentencing range was 21 to 27 months; and no evidence was presented at the sentencing hearing establishing the factual basis upon which the school zone enhancement rested.

¶ 10 Although appellant cites 18 Pa. C.S.A. § 6317, Drug-free school zones, as the basis for the school zone enhancement, we find that section establishes a mandatory minimum sentence: in contrast, sections 303.9(c) and 303.10(b) of the Pennsylvania Administrative Code, 204 Pa.Code § 303.9(c)(2), 10(b), authorize the school zone enhancement under the Sentencing Guidelines, the question at issue in this case.[5] Those sections provide:

4. As the *Medley* court noted:
 In order to challenge the discretionary aspects of sentence, Appellant must comply with the requirements set forth in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), and Pa.R.A.P. 2119(f), which require Appellant to set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence. Appellant has failed to comply with Pa. R.A.P. 2119(f). However, the Commonwealth has not objected. Therefore, we

may address the merits of Appellant's attack upon the discretionary aspects of his sentence. *Commonwealth v. Saranchak*, 544 Pa. 158, 675 A.2d 268 (1996).
*Medley*, 725 at 1228 n. 8.

5. The February 12th Sentencing Guideline Form also includes application of the mandatory minimum sentence of 24 months required by 18 Pa.C.S.A. § 6317; however, that section was not the basis for the court's employing the enhanced standard range of 33 to

(b) Youth/School Enhancement

 (1) When the court determines that the offender either distributed a controlled substance to a person or persons under the age of 18 in violation of 35 P.S. § 780–114, or manufactured, delivered or possessed with intent to deliver a controlled substance within 1000 feet of a public or private elementary or secondary school, the court shall consider the range of sentences described in § 303.9(c).

 (2) The Youth/School Enhancement only applies to violations of 35 P.S. § 780–113(a)(14) and (a)(30).

204 Pa.Code § 303.10(b). Section 303.9(c) provides:

 (c) Youth/School Enhancement sentence recommendations. If the court determines that an offender violated the drug act pursuant to § 303.10(b), 12 months shall be added to the lower limit of the standard range of the applicable sentencing matrix and 36 months shall be added to the upper limit of the standard range of the applicable sentencing matrix. The range of sentences (i.e.—standard range) shall be considered by the court for each combination of Offense Gravity Score [OGS] and Prior Record Score [PRS].

204 Pa.Code § 303.9(c).

■ ¶ 11 In *Commonwealth v. Kreiser,* 399 Pa.Super. 370, 582 A.2d 387 (1990), this court considered whether a defendant must be apprised that the court intends to apply the school zone enhancement provision to a sentence and whether a defendant is entitled to a hearing to determine whether the enhancement applies. *Kreiser,* 582 A.2d at 388–389. The *Kreiser* court concluded that the language "when the court determines" does not require a

63 months when determining appellant's sen-

hearing "as long as the relevant facts are placed on the record and the defendant pleads guilty to these events." *Id.* at 389. Additionally, the *Kreiser* court noted the distinction between mandatory sentencing provisions and enhanced sentencing guidelines, under which a sentencing court still has discretion concerning penalties. *Id.,* citing *Commonwealth v. Septak,* 359 Pa.Super. 375, 518 A.2d 1284, 1287 (1986). The *Kreiser* court therefore concluded, "'We refuse to require that a defendant must be advised of the suggested minimum sentences set forth in the sentencing guidelines.'" *Id.,* quoting *Septak,* 518 A.2d at 1287 (other citations omitted). We agree and find that appellant was not entitled to be informed of the sentencing enhancement prior to entering his guilty plea or prior to sentencing.

¶ 12 We are constrained to agree with appellant, however, that his case is distinguishable from *Kreiser, supra,* in one critical respect. In *Kreiser,* Kreiser was charged with and pled guilty to unlawful delivery of a controlled substance in front of the Mansberger Elementary School. *Kreiser,* 582 A.2d at 388, 389. In this case, appellant's guilty plea colloquy contains no reference to a school or school zone; rather, the colloquy indicates the following:

[MS. O'HARA (DEPUTY DISTRICT ATTORNEY)]: You are charged with unlawful delivery of a controlled substance based upon the following facts, sir: That on March 22nd of last year, an undercover officer, a Pennsylvania State Police Officer, was working with a confidential informant, and they were given serialized, marked money, to make drug buys.

The confidential informant contacted you, and you agreed to meet them at Cameron and Herr Streets by the Sunoco station.

tence of 48 to 120 months.

You were met there, and you got into the undercover officer's vehicle that he was driving, and while there, the officer and the confidential informant purchase five baggies of cocaine from you for a fee of $50.

You were given $60 in currency, three twenty-dollar bills, and they were all serialized bills.

Once the buy was made, the description of you was called in. You were identified by the undercover officer, and you were apprehended in the 1200 block of Community Drive by a tree. 15[sic] feet away, the three $20 bills were found that contained the serialized numbers that had been with the drug deal on that night.

The material was field tested. It tested positively. It was sent to the Pennsylvania State Police Laboratory for analysis.

The laboratory report came back positively, and the amount of—the cocaine weighed 47 hundredths of a gram of cocaine.

That constitutes the charge, sir, of unlawful delivery of a controlled substance, and how do you plead to that charge?

[APPELLANT]: Guilty.

Guilty plea transcript, 2/13/02 at 4–5.

¶ 13 Furthermore, in this case, neither the complaint nor the information made any reference to a school or school zone. (R. at 5–2; 10–1.) According to the Commonwealth, the drug delivery occurred one block north and one block east of the Downey Elementary School, located at 1313 Monroe Street in Harrisburg. (Commonwealth brief at 8 n. 2.) Thus, neither the references in the complaint and information to Cameron and Herr Streets nor the Deputy District Attorney's reference to Community Drive even imply that the sale took place within a school zone. We have therefore reviewed other cases involving other enhancement provisions for guidance.

¶ 14 In *Septak, supra,* a panel of this court found that the sentencing court erred in refusing to apply the deadly weapon enhancement where the offer of proof at the guilty plea hearing included a statement that the victim's abduction was carried out at gunpoint and that Septak's accomplices possessed a gun, even though Septak only pled guilty to unlawful restraint, terroristic threats, and criminal conspiracy. *Septak,* 518 A.2d at 1286. The *Septak* court found no case law, however, requiring that the defendant be advised of the enhanced sentencing guidelines prior to entering his guilty plea, and distinguished enhanced sentences from mandatory minimum sentences, of which a defendant must be informed before pleading guilty. *Id.* at 1287, citing *Commonwealth v. Reagan,* 348 Pa.Super. 589, 502 A.2d 702 (1985).

¶ 15 The *Septak* court distinguished the facts before it from the facts of *Commonwealth v. Taylor,* 346 Pa.Super. 599, 500 A.2d 110 (1985) (**en banc**), *affirmed on other grounds,* 516 Pa. 21, 531 A.2d 1111 (1987), in which Taylor pled guilty to beating the victim with his fists. Neither the information nor the facts recited during the plea colloquy made reference to a weapon being involved in the criminal episodes to which Taylor pled guilty. *Septak,* 518 A.2d at 1286–1287. Therefore, in *Taylor,* despite the fact that the victim testified at sentencing that Taylor threatened her with a knife during the incident, the sentencing court refused to apply the deadly weapon enhancement provision.

¶ 16 The *Taylor* court held that by limiting the basis for its charge in the information, the Commonwealth limited its offer of proof to causing or attempting to cause serious bodily injury to another, knowingly or recklessly, under circumstances mani-

festing extreme indifference to the value of human life. *Taylor,* 500 A.2d at 115. Thus, according to *Taylor,* the Commonwealth was "bound by its charge and cannot go beyond the allegation in the information and proceed to offer proof of the use of a deadly weapon at sentencing." *Id.* The *Taylor* court further held that "the Commonwealth is bound by the record on the plea as to what the defendant admitted in exchange for the plea of guilty." *Id.* at 117.

¶ 17 We find an important distinction between *Taylor, supra,* and the case at bar, however because in *Taylor,* Taylor pled guilty under 18 Pa.C.S.A. § 2702(a)(1), which does not involve a deadly weapon. In contrast, § 2702(a)(4), to which Taylor did not plead guilty, does apply to assault with a deadly weapon. A panel of this court noted the distinction in *Commonwealth v. Rizzo,* 362 Pa.Super. 129, 523 A.2d 809 (1987), a case involving the mandatory minimum sentencing provision of two years where a person under 60 years of age commits, *inter alia,* an aggravated assault on a victim over 60 years of age.

¶ 18 In *Rizzo,* the sentencing court refused to apply the mandatory minimum sentence because the information failed to aver the ages of Rizzo and his victim and the Commonwealth had failed to provide Rizzo with reasonable notice of its intention to invoke the mandatory provision prior to sentencing. The *Rizzo* court distinguished *Taylor, supra,* because the respective ages of Rizzo and the victim were not elements of the offense with which Rizzo was charged. *Rizzo,* 523 A.2d at 811, citing *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985) (holding that the mandatory minimum sentence for visible possession of a firearm was merely a sentencing factor, not an element of the crime, and therefore did not have to be proven beyond a reasonable doubt at tri-

al), *affirmed sub nom. McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). According to the *Rizzo* panel, therefore, the respective ages of Rizzo and the victim did not have to be alleged in an information. *Id.*

¶ 19 Nevertheless, the *Rizzo* court affirmed the sentencing court's refusal to apply the mandatory sentencing provisions because the Commonwealth did not provide notice of its intention to invoke that provision until the day before sentencing. *Id.* at 812.

¶ 20 More recently, a panel of this court in *Commonwealth v. Graham,* 799 A.2d 831 (Pa.Super.2002), addressed the issue whether a jury must find beyond a reasonable doubt that delivery of a controlled substance occurred within 1,000 feet of a school before the Commonwealth may invoke the mandatory sentencing provision of the drug-free school zone statute, 18 Pa.C.S.A. § 6317(b). *Id.* at 832. The *Graham* court, also relying on *Wright, supra* and *McMillan, supra,* held that so long as the sentence does not exceed the statutory maximum for the crime of which the defendant is convicted, a jury finding that the delivery took place within a school zone was constitutionally unnecessary because delivery in a school zone, like visibly possessing a firearm, is not an element of the crime (distinguishing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), a case on which appellant relies). *Graham,* 799 A.2d at 833. The *Graham* court, following *Wright, supra,* therefore held that the Commonwealth must only prove to the trial judge by a preponderance of the evidence that the mandatory sentence should apply. *Graham,* 799 A.2d at 834.

¶ 21 Synthesizing the holdings of the cases discussed *supra* and applying them to the facts before us, we conclude the following: 1) delivery of a controlled substance in a school zone is not an ele-

ment of the crime to which appellant pled guilty (*Graham, supra; Kreiser, supra*); 2) the school zone enhancement provision is a sentencing guideline provision, not a mandatory sentencing provision; therefore, because the enhancement did not involve an element of a crime to which appellant did **not** plead guilty, the Commonwealth was not required to inform appellant it was invoking the provision before appellant entered his guilty plea (*Kreiser, supra; Septak, supra, Taylor, supra; Rizzo, supra*); 3) because the Commonwealth invoked the sentencing enhancement provision and not a mandatory sentencing provision, appellant was not entitled to reasonable notice before sentencing that the Commonwealth intended to invoke the provision (*Rizzo, supra*); 4) therefore, at sentencing, appellant was only entitled to a finding by a preponderance of the evidence by the sentencing court that the delivery of a controlled substance occurred within 1,000 feet of a school (*Graham, supra; Kreiser, supra*).

■ ¶ 22 In this case, the Commonwealth presented no evidence at sentencing that the site of the drug buy was within 1,000 feet of a school and the sentencing court made no such finding. The only evidence that the school zone enhancement applied was the Guideline Sentencing Form; however, even that form did not indicate the factual basis for application of the enhancement. We therefore find that the sentencing court erred when it applied the school zone enhancement with no facts in the record—either the complaint, the information, the guilty plea colloquy, or the sentencing hearing—to support the enhancement. As a result, we are constrained to vacate appellant's sentence and to remand for re-sentencing.[6]

■ ¶ 23 As for appellant's remaining issues, we have already addressed the constitutional issue underlying appellant's issue two, claiming counsel's ineffectiveness. In the usual case, we would dismiss the ineffectiveness claim without prejudice to appellant to raise it in a PCRA petition pursuant to *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), *clarified at —* Pa. ——, 821 A.2d 1246 (2003) (per curiam) (holding that the rule announced in *Grant, supra* does not apply to claims of ineffective assistance of counsel where the intermediate appellate court on direct appeal has rendered a disposition of the merits). In this case, however, we have afforded appellant the relief to which he would have been entitled if a PCRA court were subsequently to find counsel ineffective; therefore, we need neither address nor dismiss appellant's ineffectiveness claim. We further find that appellant cannot claim entrapment, his third issue, as entrapment is an affirmative defense that can only be raised at trial and not as a part of the sentencing process. *See Kreiser,* 582 A.2d at 389. Finally, we find no merit to appellant's fourth issue, in which he claims the information in his case should have been suppressed because it was not signed by the issuing authority: the copy of the information in the certified record was, in fact, signed. (R. at 10–1.)

¶ 24 Judgment of sentence is vacated. Appellant's appeal from the denial of his petition for release on bail pending disposition of this appeal is dismissed as moot. Case is remanded for re-sentencing. Jurisdiction is relinquished.

---

**6.** We leave it to the Commonwealth to decide whether it will present evidence at re-sentencing that the drug buy occurred within a school zone, thereby allowing the sentencing court to conclude that the Commonwealth has met its burden.