J-S10012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN DIAZ | : | |
| | : | |
| Appellant | : | No. 1962 EDA 2017 |

Appeal from the PCRA Order June 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009497-2011

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

JUDGMENT ORDER BY COLINS, J.:                    **FILED MARCH 22, 2019**

Appellant, Brian Diaz, appeals from the order entered June 8, 2017, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

On March 26, 2012, a jury convicted Appellant of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance ("PWID") and conspiracy to commit PWID.[2]  On August 2, 2012, the trial court sentenced Appellant to five to ten years of confinement.  During his sentencing hearing, the Commonwealth requested and defense counsel stipulated to the "school zone enhancement," resulting in an enhanced sentencing guidelines'

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903, respectively.

*   Retired Senior Judge assigned to the Superior Court.

standard range of 33 to 63 months. N.T., 8/2/2012, at 4-5. This Court affirmed his judgment of sentence. Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied.

On February 5, 2015, Appellant filed a first, timely PCRA petition. PCRA counsel filed an amended PCRA petition, contending that Appellant's sentence was unlawful, because it included an illegal mandatory minimum. Amended PCRA Petition, 11/11/2015, at 2; Memorandum of Law, 11/11/2015, at 1-2 (unpaginated) (citing 18 Pa.C.S. § 6317, the drug-free school zones statute, establishing a mandatory minimum sentence). The PCRA court entered a notice of intent to dismiss; Appellant did not respond. On June 8, 2017, the PCRA court dismissed Appellant's petition, asserting that Appellant was not sentenced pursuant to a mandatory minimum. PCRA Court Opinion, filed August 30, 2018, at 3-4. On June 17, 2017, Appellant filed this timely appeal.[3]

Appellant presents the following issue for our review:

> Was the Appellant subject to an unconstitutional mandatory minimum sentence?

Appellant's Brief at 9.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018).

---

[3] Appellant filed his statement of errors complained of on appeal on October 2, 2017. The trial court entered its opinion on August 30, 2018.

Appellant contends that he "was subject to an unconstitutional mandatory minimum sentence as part of the sentencing scheme[,]" and, pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013), "his sentence should be vacated and the matter remanded for a new sentence." Appellant's Brief at 12. **Alleyne** held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. 570 U.S. at 126.

Pursuant to our review of the record and contrary to Appellant's contention, Appellant's Brief at 12, he was not subject to a mandatory minimum under 18 Pa.C.S. § 6317 but instead to the "school zone" sentencing enhancement under the sentencing guidelines, pursuant to sections 303.9(c) and 303.10(b) of the Pennsylvania Administrative Code, 204 Pa. Code § 303.9(c)(2), 10(b). N.T., 8/2/2012, at 4-5; Sentencing Order, 8/2/2012; *see also Commonwealth v. Wilson*, 829 A.2d 1194, 1998 n.5 (Pa. Super. 2003) (school zone enhancement resulting in an enhanced standard range of 33 to 63 months). **Alleyne** does not apply to sentencing enhancements. **Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa. Super. 2015), *vacated on other grounds*, 149 A.3d 29 (Pa. 2016). Appellant's entire argument is thus based upon a false premise, and his claim is meritless. Having discerned no error of law, we affirm the order below. **Brown**, 196 A.3d at 150.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/19