J-S17025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALVIN LORENZO MCNARY | : | |
| | : | |
| Appellant | : | No. 553 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 25, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001632-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALVIN MCNARY | : | |
| | : | |
| Appellant | : | No. 1497 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 25, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001527-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALVIN MCNARY | : | |
| | : | |
| Appellant | : | No. 1498 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 25, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001532-2019

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 3, 2023**

Appellant, Alvin McNary, appeals from the judgment of sentence entered on February 25, 2022, following his jury trial convictions for three counts each of possession with intent to deliver (PWID) methamphetamine, simple possession of methamphetamine, and criminal conspiracy and one count each of PWID cocaine, simple possession of cocaine, possession of drug paraphernalia, and possession of a small amount of marijuana.[1]  We affirm.

The trial court summarized the facts and procedural history of this case as follows.  Appellant "was charged with drug delivery and related offenses for incidents which occurred over a two-day period – March 13-14, 2019, within the City of Altoona, Blair County, [Pennsylvania]."[2]  Trial Court Opinion, 12/20/2022, at 1.  "The [three] cases were joined and proceeded to a jury trial held October 18-19, 2021." *Id.*  On October 19, 2021, the jury found Appellant guilty of the aforementioned charges.  The trial court continued the original sentencing hearing from January 19, 2022, until February 25, 2022.  On February 25, 2022, the trial court held a sentencing hearing with the benefit of a pre-sentence investigation report and sentenced Appellant in open court.  Before the conclusion of the sentencing hearing, Appellant was given

---

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), and 35 P.S. § 780-113(a)(31)(i), respectively.

[2] The Commonwealth filed three separate bills of criminal information against Appellant.  The first related to a controlled-buy transaction using a confidential informant.  The other two resulted from subsequent searches by warrant.

a written copy of his post-sentence rights. N.T., 2/25/2022, at 11. Appellant's counsel was not permitted to withdraw, despite Appellant's request for new counsel. *Id.* at 11-13. Counsel for Appellant agreed to continue to represent Appellant and to "do the appeal[.]" *Id.* at 12. On February 25, 2022, the trial court entered an order sentencing Appellant to an aggregate term of 10 years and three months to 20 years and six months of incarceration. Counsel for Appellant filed a facially untimely post-sentence on March 8, 2022 or 11 days, after sentencing.[3] *See* Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."). By order dated March 11, 2022, filed on March 14, 2022, the trial court denied Appellant's post-sentence motion. The trial court entered another order denying Appellant's post-sentence motion on April 1, 2022.[4] Neither order denying post-sentence relief "include[d] notice to the defendant of [] the right

_____

[3] Appellant concedes that his post-sentence motion was filed untimely. *See* Appellant's Brief at 24 ("It is conceded that prior counsel [] filed [p]ost-[s]entence [m]otions on March 8, 2022 which is 11 days after the imposition of sentence entered on February 25, 2022. It is conceded that the time period in which to file [a post-sentence motion] is 10 days after the imposition of sentence or in this case[,] March 7, 2022.").

[4] The trial court "in review of [its] internal file, [] could not find verification that [its] March 11, 2022 [o]rder was processed to counsel [,however, the] April 1, 2022 [o]rder was processed to counsel." Trial Court Opinion, 12/20/2022, at 2 n.1.

to appeal and the time limits within which the appeal must be filed." ***See***

Pa.R.Crim.P. 720(B)(4)(a). This appeal resulted.[5]

On appeal, Appellant presents the following issues[6] for our review:

I. Whether the verdict was against the weight of the evidence?

II. Whether the [t]rial [c]ourt erred and/or abused its discretion when sentencing [] Appellant utilizing standard sentencing guidelines including the weight of [the] alleged controlled substances when the [j]ury did not find as a matter of fact any specific weight of any controlled

_____

[5] On April 18, 2022, Appellant filed a *pro se* notice of appeal. Because the notice of appeal was facially untimely, by order entered on July 18, 2022, this Court directed counsel for Appellant to show cause why the appeal should not be quashed as untimely and counsel filed a response on July 25, 2022. This Court has previously determined that, when the trial court denies an untimely post-sentence motion, the court must properly advise an appellant of his appeal rights pursuant to Pa.R.Crim.P. 720(B)(4)(a) and its failure to do so constitutes a breakdown in the judicial system that excuses an untimely filed appeal. ***See Commonwealth v. Patterson***, 940 A.2d 493, 499 (Pa. Super. 2007) (judicial breakdown occurs and Superior Court may treat appeal as timely where trial court's order denying untimely post-sentence motion fails to advise appellant that notice of appeal must be filed within 30 days of imposition of sentence). As such, we deem Appellant's appeal to be timely.

Moreover, we note that on December 16, 2022, this Court directed counsel for Appellant to file three separate amended notices of appeal listing a single docket number on each in conformity with our decision in ***Commonwealth v. Young***, 265 A.3d 462 (Pa. Super. 2021). Counsel for Appellant complied, however, the amended notices reference October 21, 2021 as the date that judgment of sentence was entered, however, Appellant's sentence was actually imposed on February 25, 2022. We have changed the caption accordingly. ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (correcting caption to reflect that appeal properly lies from judgment of sentence). On January 13, 2023, this Court discharged the show-cause order. The appeals were consolidated *sua sponte*. Finally, we note that the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 20, 2022.

[6] We have reordered Appellant's issues for ease of discussion.

substances nor did any of the criminal informations include any alleged weight thus causing [] Appellant to be subject to increased penalties in violation of *Alleyne v. United States*, 570 U.S. 99 (2013)[?]

III.    Whether the [t]rial [c]ourt erred and/or abused its discretion, in ruling that evidence of a letter allegedly written by a joined [c]o-[d]efendant to the case who was called as a Commonwealth witness was impermissible hearsay when that witness was still under subpoena and thus available [for] Appellant to call at [t]rial?

Appellant's Brief at 7-8.

Before examining the merits of Appellant's issues, we recognize that Appellant failed to properly preserve his first two issues when he admittedly filed an untimely post-sentence motion. "An untimely post-sentence motion does not preserve issues for appeal." *Commonwealth v. Wrecks*, 931 A.2d 717, 719-720 (Pa. Super. 2007).

Regarding the first issue above, generally, challenges to the weight of the evidence must be preserved either before sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(A)(1)-(3) (claims challenging weight of evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion"); *Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa. Super. 2014) (failure to preserve weight claim under Rule 607 results in waiver). Upon review, Appellant did not raise a challenge to the weight of the evidence at any point before sentencing, by written motion before sentencing, and, as explained

- 5 -

above, Appellant's untimely post-sentence motion did not preserve the claim. For all of these reasons, we conclude that Appellant waived his weight of the evidence claim on appeal.

Next, while Appellant characterizes his second issue as a claim challenging the illegality of his sentence, for the reasons discussed below, Appellant's claim actually assails the discretionary aspects of trial court's sentence and, likewise, was not properly preserved for appeal and thereby waived. Appellant claims that "the trial court erred when utilizing sentencing guidelines with a weight enhancement in violation of" *Alleyne v. United States*, 570 U.S. 99 (2013). Appellant's Brief at 13-18.

Initially, we note that former 18 Pa.C.S.A. § 7508 "prescribe[d] various mandatory minimum sentences for certain violations of The Controlled Substance, Drug, Device and Cosmetic Act, including PWID, predicated on the weight and classification of the controlled substance." *Commonwealth v. DiMatteo*, 177 A.3d 182, 183 (Pa. 2018). The *DiMatteo* Court, however, found that statute unconstitutional and Appellant was not sentenced under that provision herein. Instead, in this case, the weight of the narcotics impacted Appellant's offense gravity scores, which were assigned to certain convictions and which, in turn, enhanced the sentencing guidelines and ranges of punishments applicable to Appellant's convictions. *See* 204 Pa.Code § 303.15 (providing increased offense gravity scores as weight of the drug increases for purposes of PWID); *see also* Appellant's Brief at 16 (showing a sliding scale of the sentencing guidelines for the offenses with differing offense

gravity scores). There is "a distinction between mandatory sentencing provisions and enhanced sentencing guidelines, under which a sentencing court still has discretion concerning penalties." **Commonwealth v. Wilson**, 829 A.2d 1194, 1199 (Pa. Super. 2003) (sentencing enhancements increasing a recommended sentence under the sentencing guidelines, as opposed to facts triggering a mandatory sentence, are not elements of a crime to be decided by a factfinder because a court is not required to sentence within recommended guideline ranges). Moreover, a challenge to the trial court's application of an offense gravity score implicates the discretionary aspects of sentencing. **See Commonwealth v. Lamanda**, 52 A.3d 365, 370-371 (Pa. Super. 2012). "Issues challenging the discretionary aspects of a sentence must be raised in a [timely] post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." **Id.** at 371 (citation omitted). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Id.** (citation omitted); **see also Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa. Super. 2008) ("To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion."). Finally, we recognize "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Lamanda**, 52 A.3d at 371 (citation omitted). A defendant must seek permission to challenge the discretionary aspects of his sentence by filing a separate statement pursuant Pa.R.A.P. 2119(f) in his appellate brief and if

the Commonwealth objects for failing to do so, the sentencing claim is waived for purposes of appellate review. *See Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa. Super. 2016) (stating that when challenging a discretionary aspect of sentencing, an appellant must include a statement pursuant to Pa.R.A.P. 2119(f), and if the Commonwealth objects to the appellant's failure to do so, the sentencing claim is waived for purposes of appellate review).

Upon review of the record, Appellant's claim implicates the trial court's discretion in imposing his sentence. Appellant failed to raise his sentencing claim at sentencing and concedes that he did not raise the issue in a timely filed post-sentence motion. Moreover, Appellant failed to comply with Rule 2119 on appeal, the Commonwealth objected, and we find Appellant's sentencing claim waived for this additional reason. Accordingly, Appellant is not entitled to review of his second issue as set forth above.

Finally, Appellant argues that the trial court erred by precluding a letter purportedly written by co-defendant, Misty Szerbin, from admission into evidence at trial. Appellant's Brief at 19-20. On the second day of trial, after Szerbin had already testified, counsel for Appellant averred that Appellant received a jailhouse letter from Szerbin earlier that morning and that Appellant wanted to enter the letter into evidence. N.T., 10/19/2022, at 179-180. The Commonwealth objected because the letter was only partially produced, consisting of "only two of three pages," and was not "signed by [Szerbin] in any way." *Id.* at 180. As such, the Commonwealth argued the letter was not properly authenticated by Szerbin. *Id.* The Commonwealth also objected

because the letter constituted hearsay and argued that because "this letter was se[n]t after the conspiracy had already ended[,] it would not come in under any hearsay objections." *Id.* Counsel for Appellant conceded that Appellant received the letter electronically, *via* cellular telephone, and averred that the "third page could be printed." *Id.* On October 22, 2021, the trial court filed a written order precluding the letter from the trial.

On appeal, Appellant currently argues:

While it was duly noted that the best time to have examined Ms. Szerbin would have been during her testimony the day before, that witness was not at any point excused from her [s]ubpoena. Ms. Szerbin would have been present at the [t]rial still and available for testimony since she was not excused and released from her [s]ubpoena. Therefore, Ms. Szerbin could have been called as a witness in [Appellant's] case and asked questions relative to the letter. At a minimum[,] this could have occurred outside the presence of the [j]ury to determine if other pages were in fact missing and if the letter was able to be authenticated by Ms. Szerbin. Thus, the [t]rial [c]ourt's error was in carte blanche [sustaining the Commonwealth's objection] regarding the letter rather than providing [] Appellant an opportunity to cure any defects by recalling Ms. Szerbin, who was still under [s]ubpoena to be present.

Appellant's Brief at 19-20.

We adhere to the following standards:

The admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion. Our standard of review of a challenge to an evidentiary ruling is therefore limited. Abuse of discretion is not merely an error of judgment [but is established where] the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

\*          \*          \*

> Pennsylvania Rule of Evidence 901 provides that to "satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). This Court has long recognized that testimony from a witness who has knowledge that a matter is what it is claimed to be is sufficient to satisfy the authentication requirement under Rule 901.

> *      *      *

> [A]uthentication of electronic communications, like documents, requires more than mere confirmation that the number or address belonged to a particular person. Circumstantial evidence, which tends to corroborate the identity of the sender, is required.

*Commonwealth v. Stitt*, 287 A.3d 849 (Pa. Super. 2022) (unpublished memorandum) (case citations and some quotations omitted).[7]

Here, Appellant does not challenge the trial court's determination that a portion of the proffered letter was missing, including the sender's signature, or that the letter had not been verified by Szerbin or otherwise authenticated by direct or circumstantial evidence. The trial court's decision to preclude the unauthenticated evidence was not an error of law and the record shows that the court's action was not the result of partiality, prejudice, bias or ill will. Instead, Appellant claims that trial counsel could have authenticated the letter by recalling Szerbin. However, trial counsel did not endeavor to take such action nor did the trial court preclude counsel from recalling Szerbin. Appellant's claim actually sounds in ineffective assistance of counsel under the

---

[7] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Post Conviction Relief Act (PCRA)[8] and may be raised subsequently. ***See***

***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013) (Our Supreme

Court has held that as a general rule, claims of ineffective assistance of

counsel must await collateral review under the PCRA unless the alleged

ineffectiveness is apparent from the record, meritorious, and immediate

consideration serves the interest of justice or there is good cause shown and

an appellant waives the right to seek subsequent PCRA review). Appellant

does not suggest that either exception to the general rule regarding ineffective

assistance of counsel is applicable herein. Additionally, Appellant did not

expressly waive his right to PCRA review. For these reasons, we conclude that

the trial court did not err by precluding the proffered letter from trial and that

Appellant's current ineffectiveness claim cannot be considered on direct

appeal. Accordingly, in sum, we find Appellant's first two claims above are

waived and we reject Appellant's final claim without prejudice so that

Appellant may raise it in a timely petition under the PCRA.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/3/2023

---

[8] 42 Pa.C.S.A. § 9541-9546.

- 11 -