**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WESLEY A. TUCKER | : | |
| | : | |
| Appellant | : | No. 1941 WDA 2016 |

Appeal from the Judgment of Sentence July 6, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0000449-2012

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                     **FILED NOVEMBER 29, 2017**

Appellant, Wesley A. Tucker, appeals from the Judgment of Sentence entered by the Westmoreland County Court of Common Pleas after remand by this Court.  Appellant challenges the resentencing court's refusal to allow him to present evidence at his resentencing hearing, and the discretionary aspects of his sentence.  We affirm.

Our previous disposition provided a thorough review of the facts and procedural history underlying Appellant's convictions and original sentences, and we need not repeat them here.  ***See Commonwealth v. Tucker***, 882 WDA 2015 (Pa. Super. filed June 1, 2016) (unpublished memorandum) (affirming Appellant's convictions; remanding for resentencing) ("***Tucker I***").  In ***Tucker I***, we concluded that Appellant's rape and indecent assault convictions merged for sentencing purposes, and Appellant should not have

_____
* Former Justice specially assigned to the Superior Court.

been sentenced to consecutive sentences at each count.[1] We, thus, vacated the aggregate sentence and remanded to the trial court for resentencing "consistent with this Memorandum." *See id*. at 12, citing *Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006) (remanding where vacatur "upset the trial court's overall sentencing scheme"). We declined to address Appellant's claim that his sentence was manifestly excessive after concluding that, in light of the vacatur, the challenge was moot. *Tucker I*, *supra* at 12.

On remand, the trial court held a sentencing hearing, at which Appellant's attorney attempted to raise "potential errors that were made at the first sentencing by prior counsel" so as to "preserve Mr.Tucker's rights[.]" N.T. Resentencing, 7/6/16, at 6. The court denied the request, noting that this Court's remand was limited to resentencing to account for the merger of the indecent assault conviction with the rape conviction, as indicated by this court's direction of "resentencing consistent with this memorandum." *Id*. at 7. The trial judge emphasized that the "Superior Court did not criticize my sentence in any other manner whatsoever." *Id*. The court then resentenced Appellant to an aggregate term of 11 to 32

---

[1] The court originally sentenced Appellant to an aggregate term of 11½ to 34 years' incarceration, which included a term of 10 to 20 years' incarceration for the rape conviction.

years' incarceration. After the denial of post-sentence motions, Appellant timely appealed.

Appellant raises the following issues for our review:

1. Did the trial court err by concluding that the evidentiary scope of the resentencing hearing was limited in remand?

2. Did the trial court deprive Mr. Tucker of his due process and Sixth Amendment (U.S. Constitution/Article I § 9 PA constitution) rights?

3. Did the trial court err by not permitting Mr. Tucker to present proof of his ability to be rehabilitated or risk of reoffending at the July 6, 2016 proceeding?

4. Is Mr. Tucker's sentence unconstitutional under Article I, Section 13 of the Pennsylvania constitution and under the Eighth Amendment of the United States Constitution?

5. Is Mr. Tucker's sentence unreasonable and excessive since there was an insufficient factual basis to support the proposition that his rehabilitative prospects and individual risk to the community were such that the length of the sentence is necessary or proper?

6. Did the trial court err by failing to recuse since it was exposed to prejudicial information regarding separate and unrelated charges of criminal activity that were filed against Mr. Tucker?

Appellant's Brief at 7.

## Scope of Resentencing Hearing

In challenging the trial court's denial of his request to expand the scope of the resentencing hearing to present mitigation evidence, Appellant's first three issues present a question of law. Thus, our standard of review is

*de novo* and our scope of review is plenary. ***Commonwealth v. Wilson***, 934 A.2d 1191, 1195 (Pa. 2007) ("***Wilson III***").

Appellant relies on ***Wilson*** to support his assertion that he was entitled to present additional evidence at his resentencing proceeding. In ***Wilson***, this Court vacated and remanded for resentencing where the sentencing court had applied the school zone enhancement after the defendant pled guilty to one count of delivery of a controlled substance, but no evidence had been presented to support the enhancement. ***Id***. at 1193, citing ***Commonwealth v. Wilson***, 829 A.2d 1194, 1202 (Pa. Super. 2003) ("***Wilson I***"). At resentencing, the trial court imposed the same sentence after holding an evidentiary hearing, and the defendant appealed. This Court reversed and again remanded, holding that if the Commonwealth fails to present evidence of the statutory sentencing enhancement at the initial sentencing hearing, "the defendant must be resentenced without the school zone enhancement." ***Commonwealth v. Wilson***, 866 A.2d 1131, 1132 (Pa. Super. 2004) ("***Wilson II***").

The Pennsylvania Supreme Court granted allocatur to review whether sentence enhancement evidence may be presented for the first time at a resentencing hearing. The Court concluded that "[o]nce [the a]ppellee's sentence was vacated, the admissibility of evidence at the second sentencing hearing became a matter committed to the sound discretion of

the trial court as no restraints were placed upon the trial court's exercise of its discretion in this regard." ***Wilson III***, 934 A.2d at 1196.

***Wilson*** is distinguishable from the instant case. Here, we remanded not because there was insufficient evidence to support the sentence imposed. Rather, we remanded to correct a legal technicality for which no further evidence was needed, *i.e.*, to merge Appellant's indecent assault conviction with the rape conviction for sentencing purposes only. Our direction was that the court resentence "consistent with this memorandum." ***Tucker I*** at 13. Such a concise instruction from this Court is arguably a "restraint placed upon the trial court's exercise of discretion in this regard." ***Wilson III***, ***supra***, at 1196.

However, even if such a limitation cannot be interpreted as a restraint put on the trial court's exercise of discretion with respect to the nature of the resentencing hearing, as the ***Wilson III*** court noted, once we vacated Appellant's sentence, "the admissibility of evidence at the second sentencing hearing became a matter committed to the sound discretion of the trial court." ***Id***. We will not find an abuse of discretion unless the court misapplies the law or the "judgment exercised is manifestly unreasonable as shown by the evidence or the record." ***Com. ex rel. Kistler v. Kistler***, 435 A.2d 214, 216 (Pa. Super. 1981), *order clarified sub nom*. ***Com. ex rel Kistler v. Kistler***, 449 A.2d 69 (Pa. Super. 1982).

Our review of the record indicates that the trial court did not err or abuse its discretion in confining the resentencing hearing to the merger issue. The judge acknowledged the parameters provided by this Court on remand, and acted in accordance therewith. While the trial court was arguably not foreclosed from taking more evidence, it acted within its discretion in reconsidering the sentence only with respect to the merger and declining to address, as Appellant's counsel requested, "potential errors that were made at the first sentencing by prior counsel." N.T. Resentencing at 6.

**Discretionary Aspects of Sentence**

In his next two issues, Appellant avers that the trial court abused its discretion by imposing a sentence "that is manifestly unreasonable and excessive" because he "had a prior record score of zero but was given the highest allowable minimum sentence for the count of Rape and the statutory maximum on every count for which he was convicted." Appellant's Brief at 27. He further avers that the court did not sentence him in accordance with the standards set forth in 42 Pa.C.S. § 9721 because it failed to consider his rehabilitative needs and mitigating circumstances.[2]

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*,

_____

[2] Appellant does not indicate what those needs or circumstances are that he wanted the court to consider.

768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

Appellant has fulfilled the first three prongs. With respect to the fourth prong, Appellant states in his Pa.R.A.P. 2119(f) statement that the trial court failed to consider his background and character and that his sentence is manifestly unreasonable or excessive. **See** Appellant's Brief at 21. He further avers that the trial court did not sentence him in accordance with the Sentencing Code because the court "did not have adequate information regarding Mr. Tucker's rehabilitative prospects, personal background, and risk of reoffending." **Id**. at 28.

Whether a substantial question exists is determined on a case-by-case basis. Here, we conclude that Appellant has raised a substantial question. **See Commonwealth v. Raven**, 97 A.3d 1244 (Pa. Super. 2014) (explaining excessive sentence claim, raised in conjunction with an assertion

that the court failed to consider mitigating factors, raises a substantial question).

An appellate court will not disturb the sentencing court's judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, "a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008). To demonstrate that the sentencing court abused its discretion, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). "As long as the trial court's reasons demonstrate that it weighed the Sentencing Guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed." *Id*. at 1018-19.

Our Supreme Court has repeatedly held that the Sentencing Guidelines are purely advisory in nature. *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007). "The guidelines are merely one factor among many that the court must consider in imposing a sentence." *Id.* (citation omitted). Trial courts retain broad discretion in sentencing matters, and "the only line

that a sentence may not cross is the statutory maximum sentence." *Id.* at 1119 (citation omitted).

While a court has discretion to deviate from the guidelines, when the court does deviate "it is important that the court reflect a consideration of the sentencing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant." *Commonwealth v. Hoch*, 936 A.2d 515, 519 (Pa. Super. 2007); *see* 42 Pa.C.S.A. § 9721 (setting forth the general standards applicable to sentencing).

Where the trial court deviates above the guidelines, this Court may only vacate and remand a case for resentencing if we first conclude that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). Although the Sentencing Code does not define the term "unreasonable," our Supreme Court has made clear that "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review." *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007). When reviewing the record, this Court should have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the

Appellant; (2) the opportunity of the sentencing court to observe the Appellant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S. §9781(d).

Importantly, our Supreme Court "has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Here, the court acknowledged that it had sentenced Appellant outside the guidelines. *See* N.T. Sentencing, 10/10/14, at 20, 21, 27. Without informing us of what the guidelines provided or even for which of his convictions the court imposed a sentence outside of the guidelines, Appellant asserts his sentence is excessive because the court did not have enough information of his character and rehabilitative needs from which to impose such a lengthy sentence.[3] We disagree.

_____

[3] The Sentencing Guideline Form in the certified record indicates that the standard range sentence for the rape would have been 48 to 66 months' incarceration, with statutory limits of 120 to 240 months' incarceration. Appellant was sentenced to the statutory limits on the rape conviction, and to aggravated ranges for his other offenses. *See* Sentencing Guideline Form, CCP docket item #61.

At Appellant's original sentencing hearing, Appellant presented testimony from his pastor, Robert Ross of the Heritage Baptist Church in Jeannette. Pastor Ross stated, *inter alia*, that he did not believe Appellant would benefit from a lengthy period of incarceration because Appellant "never backed away from anything he ever did . . . so he took ownership of his actions." N.T. Sentencing, 10/10/14, at 13.[4] He also answered "yes" to defense counsel's question "Do you think he's a good candidate for rehabilitation?" ***Id***.

After counsel presented argument, the sentencing court stated the following:

> **I have read the presentence report**, Mr. Tucker. You are 29 years of age[.] . . . And I understand that you have no prior record, however, this was a very brutal crime. You're a big man. You are 6'3", you weight approximately 390 pounds. Certainly no match for this young woman, although a person can be raped and the person doesn't have to fight anyway, but there is no chance of this woman fighting with a person of your size.
>
> I have thought about this and after reading the presentence report and looking at what the range is, the range of sentence is, I don't think the range is appropriate. I'm sentencing you outside the guidelines.
>
> [The court then imposed sentence on each of the six counts]
>
> Count 1 is outside the guidelines. I will state my reasons in a moment. Counts 3, 4, 5, and 6, each of, each of those are in

---

[4] On cross-examination, Pastor Ross clarified that he was not referring to the crime at issue in this case; rather, he was speaking to Appellant's having accepted responsibility for having been unfaithful to his wife.

the aggravated range[,] the highest amount in the aggravated range.

As I said, Mr. Tucker, I thought about this and **I have many reasons for sentencing outside the guidelines.**

This rape was especially brutal. You physically as well as sexually assaulted the victim. You choked her to the point that she suffered broken blood vessels in her face and eyes, you threatened to kill her child. It was obvious to me that this woman, as probably as any mother, would lay down her life for her child and that's why you were able to probably get away with this because her young child was there. This five[-]year[-] old child who, as [defense counsel] stated accurately, you were a part of this child's life. This child trusted you and you raped his mother. You choked this woman in front of her child and then you made him leave the room and stay in the living room crying while you raped his mother.

You were considered a friend by the victim who was a single parent. Your wife was her best friend. How can the victim trust anyone when you betrayed the friendship in the most horrific manner imaginable[?]

I believe the sentence is appropriate. I just do not feel confident that you are amendable to rehabilitation and my goal is to have you incarcerated to protect other victims for as long as I possibly can and I feel this is the longest sentence that I can give.

* * *

In addition [to] the reasons that I gave for imposing the sentence which was outside the guidelines and also the sentence in the aggravated range, **I'm adopting what is provided in the presentence report** that was so adequately prepared by Mr. Hamm, and specifically the [e]ffects on the victim and her child after this assault.

N.T. Sentencing at 19-23, 27-28 (emphasis added; some paragraph breaks omitted).

In asserting that the court did not have enough information to impose the sentence it did, Appellant utterly fails to acknowledge the existence of

the presence report. Further, he completely omits any discussion of the sentencing court's acknowledgement of, and reliance on, the presentence report. As noted **supra**, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Ventura**, 975 A.2d at 1135.

Upon review of the record, in particular the findings upon which the sentencing court based the sentence and the circumstances of the offense, we conclude the sentence is not clearly unreasonable. The sentencing court demonstrated on the record that it considered the sentencing guidelines with the facts of the crime and Appellant's character in a meaningful fashion. Moreover, the court properly resentenced in accordance with our instructions on remand. Thus, we will not disturb Appellant's aggregate sentence of 11 to 32 years' incarceration.

**<u>Recusal</u>**

In his last issue, Appellant avers that the trial court should have recused itself because it had recognized at sentencing that a second accuser had come forward after the victim had reported the rape at issue here. Although Appellant acknowledges that the trial court specifically stated that it did not take that accusation into account in fashioning Appellant's sentence, Appellant nonetheless asserts that the court's acknowledgment of a second possible victim "in the context of explaining its reason for Mr.

- 13 -

Tucker's lengthy sentence [ ] is proof of bias, prejudice, and is justification for recusal." Appellant's Brief at 30.

Appellant does not cite to where in the record he preserved this claim, as required by our rules of appellate procedure. *See* Pa.R.A.P. 2117(c). He has made no attempt to indicate the method of raising the claim, or the way in which the sentencing court passed upon the request, or to provide "specific reference to the places in the record where the matter appears … as will show that the question was timely and properly raised below so as to preserve the question on appeal." Pa.R.A.P. 2117(c)(1-4). *See also* Pa.R.A.P. 2119(c), (e). Moreover, Appellant has failed to cite to any case law relevant to recusal or to develop his argument beyond a summary conclusion of bias. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014); *accord Commonwealth v. Blakeney*, 108 A.3d 739, 767 (Pa. 2014).

Accordingly, we conclude Appellant has waived his recusal issue.[5]

Judgment affirmed.

---

[5] The panel of this Court considering Appellant's first Appeal likewise found the issue had been waived for failing to raise it below, stating "as to the issue of recusal, or the request for a new recusal rule for trial court judges who are ostensibly tainted by their knowledge of unrelated pending cases, we deem Appellant has waived any such claim by failing to preserve it below." *Tucker I* at 13.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/29/2017