J-S04010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAKWAN DALLAH WHITE | : | |
| | : | |
| Appellant | : | No. 1294 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 9, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001194-2018

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 23, 2021**

Appellant, Shakwan Dallah White, appeals from the judgment of sentence entered on April 9, 2019, as made final by the denial of Appellant's post-sentence motion on July 2, 2019.  We vacate and remand for resentencing.

The Commonwealth charged Appellant with possessing marijuana with the intent to deliver ("PWID").  Patrolman Leonard K. Harvey of the South Abington Township Police Department swore the affidavit of probable cause in the criminal complaint.  It declares:

> On June 1, [2018], officers of the Lackawanna County Drug Task Force and the South Abington Police received information from a confidential informant [("CI")] that he/she was able to purchase marijuana from a male, only known as Sha White at this time, later in the day.  Hearing this I notified Chief Jordan and Chief Gerrity of my intentions and had the CI come to my police station to set up a controlled buy.

When the CI arrived, he/she informed me that they have made the arrangements for the purchase of marijuana with [Appellant], via the snap chat app, at the South [Abington Recreation Park], which shares the same parking lot and only thirty yards from the South Abington Elementary School. The CI and his/her vehicle were searched and no contraband or [United States ("US")] currency was found. The CI was then handed a sum of prerecorded US Currency for the purchase of marijuana.

Officers then proceeded to the area of the [] Park to set up surveillance. The CI was then followed by other officers to the [] Park, where he/she parked and waited for [Appellant]. A short while later, a 2013 Lexus sedan, white in color, . . . which was occupied by two black males, pulled into the lot. The CI then got into [Appellant's] car and a few moments later he/she got out, then signaled to me that the buy was a success. Officers then moved in and conducted a felony stop on the Lexus. The driver, identified at this time as [Appellant] . . . was removed from the vehicle, searched for weapons, and placed in handcuffs. . . . Found in his front right pocket was a stack of cash wrapped in a rubber band, totaling $885.00. While I was removing the passenger from the vehicle, there was a strong odor of marijuana coming from inside the vehicle and [Appellant] blurted out "I was only doing her a favor."

. . .

A plastic sandwich bag of [marijuana] was retrieved from the CI and was later weighed (29 grams). . . . [Additional marijuana, weighing 34 grams, was found on Appellant's person].

Affidavit of Probable Cause, 6/1/18, at 1.

The Commonwealth filed its information on July 12, 2018. The information declares

The District Attorney of Lackawanna County, by this Information charges that on or about Friday, [June 1, 2018], . . . [Appellant] did commit the crime or crimes herein,

- 2 -

**COUNT 1: POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (35 [Pa.C.S.A. §] 780-113a Clause 30; Grade: Felony; $15,000.00; 5 years;**

> have in his possession and control, a certain controlled substance, to wit: a quantity of marijuana, specifically [63] grams of marijuana . . . with the intent to deliver the said controlled substance and [Appellant] not being registered under this act of that class of persons whose business, profession, employment, occupation and duties are allowed to have in their possession and under their control such controlled substance. . . .

Commonwealth's Information, 7/12/18, at 1.

On January 14, 2019, Appellant entered an open guilty plea to PWID. During the plea hearing, Appellant specifically admitted to the following: "on [June 1, 2018, Appellant] did have in his possession with the intent to deliver a quantity of marijuana, specifically, 63 grams." N.T. Guilty Plea, 1/14/19, at 2-3.

Appellant's sentencing hearing occurred on April 9, 2019. At the beginning of the hearing, Appellant's counsel (hereinafter "Trial Counsel") declared that she was surprised the pre-sentence investigation report (hereinafter "PSI") stated that the standard guideline range sentence for Appellant's crime was 12 to 25 months in prison. Trial Counsel noted that a prior PSI placed the standard guideline range at restorative sanctions ("RS") to one month in jail. The exchange between Trial Counsel, the trial court, and Appellant went as follows:

> [Trial Counsel]: I did look at the PSI. . . . I'm just a little confused. . . . The copy I have obtained directly from your office has it as a standard sentence range of 12 to 25 months.

On the one that I received e-mailed from your office had an RS to one [month] as a standard sentence range.

[Trial Court]: The old PSI report was without [the school zone] enhancement. The corrected PSI –

[Trial Counsel]: Oh, I wasn't aware that there was a . . . school [zone] enhancement on this one.

Were you near a school when this happened?

[Appellant]: I'm not sure.

[Trial Counsel]: You were in your car?

[Appellant]: Yes.

[Trial Counsel]: He was in his car and stopped. He may have been near a school but he wasn't –

[Trial Court]: Thirty yards away from South Abington Elementary School.

[Trial Counsel]: Do you remember being picked up that way? I'm not familiar.

[Appellant]: I believe it was like next to the park.

[Trial Court]: You parked next to the elementary school.

N.T. Sentencing, 4/9/19, at 2-3.

The trial court then sentenced Appellant to serve 12 to 24 months in prison, followed by two years of probation, for his PWID conviction. The trial court declared that this sentence was "in the bottom of the standard range," after applying the school zone enhancement in the sentencing guidelines. *Id.* at 7.

On April 18, 2019, Appellant filed a timely post-sentence motion and, on April 26, 2019, Appellant filed an amended post-sentence motion.

- 4 -

Appellant raised a number of claims in his post-sentence motion, including that: 1) the trial court abused its discretion when it applied the school zone enhancement to his sentence, as there was no evidence the marijuana delivery occurred in a school zone; 2) the trial court "failed to identify the reasons for the imposition of a state sentence or the need for a long state incarceration sentence;" and, 3) "the Commonwealth engaged in sentence manipulation since the CI determined where the delivery was to occur." **See** Appellant's Petition for Reconsideration of Sentence, 4/18/19, at 1-3; Appellant's Supplemental Petition for Reconsideration of Sentence, 4/26/19, at 1; Trial Court Opinion, 9/2/20, at 4. The trial court denied Appellant's post-sentence motion on July 2, 2019 and Appellant filed a timely notice of appeal. Appellant raises the following claims with this Court:

> [1.] Whether the trial court erred when it imposed a sentence which arguably included a school zone enhancement thereby violating Appellant's right to due process, when, at the time [Appellant] pled guilty to [PWID], neither the criminal information nor the written guilty plea colloquy nor the in[-]court guilty plea colloquy stated that the delivery occurred in a school zone[?]
>
> [2.] Whether the trial court failed to identify the reasons for the imposition of a state sentence or the need for a long state incarceration sentence, thereby imposing a harsh and excessive sentence which constituted an abuse of discretion and which sentence is contrary to the fundamental norms underlying the sentencing process as provided in 42 [Pa.C.S.A.] § 9781(b)[?]
>
> [3.] Whether the trial court failed to state on the record acknowledgement of the sentencing guidelines and the reasons for the sentences imposed as required[?]

[4.] Whether the trial court erred when it failed to hold a hearing on the issue of sentencing manipulation as requested and when it imposed a school zone enhancement sentence under the doctrine of sentencing manipulation since it was the CI who picked the location near the school only to increase Appellant's sentence[?]

Appellant's Brief at 4-5 (some capitalization omitted).

Appellant claims that the trial court abused its discretion when it applied the school zone enhancement at sentencing. We agree.

As we have held, a challenge to the application of the school zone enhancement is a challenge to the discretionary aspects of a sentence. *Commonwealth v. Wilson*, 829 A.2d 1194, 1198 (Pa. Super. 2003). "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

[t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant filed a timely post-sentence motion and notice of appeal. Further, within Appellant's post-sentence motion, Appellant claimed that the trial court abused its discretion when it applied the school zone enhancement to his sentence, as there was no evidence that the marijuana delivery occurred in a school zone. **See** Appellant's Supplemental Petition for Reconsideration of Sentence, 4/26/19, at 1; Trial Court Opinion, 9/2/20, at 4 (discussing this claim). Moreover, Appellant's brief contains the requisite statement pursuant to Pa.R.A.P. 2119(f). **See** Appellant's Brief at 12-13. Thus, Appellant preserved his current appellate claim. We will now determine whether Appellant's claim presents a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." ***Cook***, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McKiel***, 629 A.2d 1012, 1013 (Pa. Super. 1993); ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. ***Goggins***, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in

contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727 (internal emphasis omitted).

In *Wilson*, this Court held that a "challenge to [the] application of the school zone enhancement . . . raises a substantial question, which we may review pursuant to 42 Pa.C.S.A. § 9781(b)." *Wilson*, 829 A.2d at 1198. Thus, we have authority to review Appellant's claim.

At the time of Appellant's April 9, 2019 sentencing, "sections 303.9(c) and 303.10(b) of the Pennsylvania Administrative Code . . . [provided for] school zone enhancement under the Sentencing Guidelines."[1] *Id.* In relevant part, Section 303.10(b) declared:

---

[1] In *Commonwealth v. Ali*, this Court held that the Sentencing Guidelines' school zone enhancement is not unconstitutional under *Alleyne v. United States*, 570 U.S. 99 (2013). *Commonwealth v. Ali*, 112 A.3d 1210, 1226 (Pa. Super. 2015), *vacated on other grounds*, 149 A.3d 29 (Pa. 2016). The *Ali* Court explained:

> *Alleyne* has no application to the [school zone sentencing enhancement]. The parameters of *Alleyne* are limited to the imposition of mandatory minimum sentences, *i.e.*, where a legislature has prescribed a mandatory baseline sentence that a trial court must apply if certain conditions are met. The sentencing enhancements at issue impose no such floor. Rather, the enhancements only direct a sentencing court to consider a different range of potential minimum sentences, while preserving a trial court's discretion to fashion an individual sentence. By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range

(b) *Youth/School Enhancement.*

. . .

(2) When the court determines that the offender manufactured, delivered or possessed with intent to deliver a controlled substance within 250 feet of the real property on which is located a public or private elementary or secondary school, the court shall consider the sentence recommendations described in § 303.9(c).

204 Pa.Code § 303.10(b) (effective until December 6, 2019).

Section 303.9(c) declared, in relevant part:

(c) *Youth/School Enhancement sentence recommendations.* If the court determines that an offender violated the drug act pursuant to § 303.10(b), the court shall consider the applicable matrix in 303.18, related to Youth, School, or Youth and School Enhancements. . . . When applying the School Enhancement, 12 months are added to the lower limit of the standard range and 24 months are added to the upper limit of the standard range. . . .

204 Pa.Code § 303.9(c) (effective until December 6, 2019).

In **Wilson**, this Court analyzed sections 303.9(c) and 303.10(b) of the

Administrative Code, as well as relevant case law. As is applicable to the case

---

of possible minimum sentences. Even then, the trial court need not sentence within that range; the court only must consider it. Thus, even though the triggering facts must be found by the judge and not the jury – which is one of the elements of an . . . **Alleyne** analysis – the enhancements that the trial court applied in this case are not unconstitutional under **Alleyne**.

**Ali**, 112 A.3d at 1226.

at bar (and adjusting for minor changes in the statutory language),[2] the
*Wilson* Court held the following:

- 1) "delivery of a controlled substance in a school zone is not an element
  of the crime" of PWID, *Wilson*, 829 A.2d at 1201-1202;

- 2) "the school zone enhancement provision is a sentencing guideline
  provision, not a mandatory sentencing provision; therefore, . . . the
  Commonwealth [is] not required to inform [the defendant] it [is]
  invoking the provision before [the defendant] enter[s] his guilty plea,"
  *id.* at 1202;

- 3) the defendant is "not entitled to reasonable notice before sentencing
  that the Commonwealth intend[s] to invoke the [school zone
  enhancement] provision," *id.*; and,

- 4) "at sentencing, [a defendant is] only entitled to a finding by a
  preponderance of the evidence by the sentencing court that the delivery
  of a controlled substance occurred" "within 250 feet of the real property
  on which is located a" school. *Id.*; 204 Pa.Code § 303.10(b) (effective
  until December 6, 2019).

---

[2] At the time of Wilson's sentencing, the school zone enhancement declared
that it applied when the "court determines that the offender . . . manufactured,
delivered or possessed with intent to deliver a controlled substance **within
1000 feet** of a" school. *See Wilson*, 829 A.2d at 1199 (emphasis added).
At the time of Appellant's sentencing, the school zone enhancement declared
that it applied when "the court determines that the offender manufactured,
delivered or possessed with intent to deliver a controlled substance **within
250 feet of the real property on which is located** a" school. 204 Pa.Code
§ 303.10(b) (effective until December 6, 2019) (emphasis added).

In ***Wilson***, we concluded that the trial court abused its discretion when it applied the school zone enhancement because "the Commonwealth presented no evidence at sentencing that the site of the drug buy was within [the then-applicable] 1,000 feet of a school and the sentencing court made no such finding." ***Wilson***, 829 A.2d at 1202. The ***Wilson*** Court explained:

> The only evidence that the school zone enhancement applied was the Guideline Sentencing Form; however, even that form did not indicate the factual basis for application of the enhancement. [Therefore,] . . . the sentencing court erred when it applied the school zone enhancement with no facts in the record – either the complaint, the information, the guilty plea colloquy, or the sentencing hearing – to support the enhancement.

***Id.***

In the case at bar, Appellant claims that the trial court abused its discretion when it applied the school zone enhancement because, "at his guilty plea[,] Appellant did not admit that the delivery occurred in a school zone and there was neither an allegation nor an averment in the criminal information that the delivery occurred in a school zone." Appellant's Brief at 17 (some capitalization omitted). Thus, Appellant claims, the trial court erred when it applied the school zone enhancement, as there was no evidence that the delivery of a controlled substance occurred "within 250 feet of the real property on which is located a" school. ***See id.***; ***see also*** 204 Pa.Code § 303.10(b) (effective until December 6, 2019).

The trial court and the Commonwealth acknowledge that, at the guilty plea hearing, Appellant did not admit that the delivery occurred in a school

- 11 -

zone. Further, Appellant did not admit to this fact during the sentencing hearing. *See* N.T. Sentencing, 4/9/19, at 1-7. Nevertheless, both the trial court and the Commonwealth claim that the school zone enhancement was properly applied because "the criminal complaint [declared] that the drug delivery was made within 30 yards of a school." Commonwealth's Brief at 9; Trial Court Opinion, 9/2/20, at 4-5 (stating that it applied the school zone enhancement because the criminal complaint "explicitly recounts that [Appellant] met the CI in a parking lot of [South Abington Recreation Park,] which is [30] yards from South Abington Elementary School").

Assuming, *arguendo*, that an unadmitted averment in a criminal complaint could, theoretically, satisfy the Commonwealth's burden to establish the school zone enhancement at sentencing, the averment in the case at bar is substantively insufficient to establish that Appellant delivered the marijuana "within 250 feet of the real property on which is located a" school. To be sure, the criminal complaint merely declares:

> When the CI arrived, he/she informed me that they have made the arrangements for the purchase of marijuana with [Appellant], via the snap chat app, at the South [Abington Recreation Park], which shares the same parking lot and only thirty yards from the South Abington Elementary School.

Affidavit of Probable Cause, 6/1/18, at 1.

Deconstructed, this averment declares that: Appellant and the CI agreed to meet at the South Abington Recreation Park for the marijuana transaction; the South Abington Recreation Park "shares the same parking lot" as the South Abington Elementary School; and, **a portion of the South**

**Abington Recreation Park lies within 30 yards of the South Abington Elementary School**.  *See also* Commonwealth's Brief at 10 ("[t]he CI informed the affiant that the two made arrangements for the purchase of marijuana at the South Abington recreational park, which shared the same parking lot with and was only 30 yards from the South Abington Elementary School").  In other words, a plain reading of the affidavit of probable cause demonstrates that the phrases "shares the same parking lot" and "only thirty yards from the South Abington Elementary School" are both descriptors of the noun, "the South Abington Recreation Park."  Crucially, the averment does not state **where, in the parking lot, the marijuana delivery occurred** and whether the **actual delivery** occurred "within 250 feet of the real property on which is located a" school.  Further, since nothing else in the record establishes that the actual marijuana delivery occurred "within 250 feet of the real property on which is located a" school, we conclude that the evidence in this case is insufficient to establish the facts necessary to apply the school zone

enhancement.[3,4]  We must, therefore, vacate Appellant's judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

_____

[3] The affidavit of probable cause declares that the South Abington Recreation Park "shares the same parking lot" as the South Abington Elementary School. However, there is no evidence as to whether the South Abington Recreation Park merely permits the South Abington Elementary School to use its parking lot or whether the property on which the school is located is within 250 feet of where the June 1, 2018 drug transaction occurred within the parking lot. Thus, this statement does not satisfy the Commonwealth's burden to produce evidence that the drug transaction occurred "within 250 feet of the real property on which is located a" school.  The text of the school zone enhancement found at 204 Pa.Code § 303.10(b) implies that the sentencing court must find, by a preponderance of the evidence, that the delivery of a controlled substance took place within 250 feet of the legal boundary of a property upon which a school is situated.

[4] Within its brief, the Commonwealth notes that the criminal complaint "states that [Appellant] was accused of violating the penal laws of this Commonwealth at 640 Northern Boulevard, South Abington, Abington Heights Grade School." **See** Commonwealth's Brief at 10; **see also** Criminal Complaint, 6/1/18, at 1. However, the affidavit of probable cause clearly and unequivocally states that Appellant sold the marijuana in the South Abington Recreation Park – not at the school.  By itself, then, the address listed in the criminal complaint does not satisfy the Commonwealth's burden of production in this case.  The precise location of the June 1, 2018 transaction, and its proximity to the real property upon which the South Abington Elementary School is located, are matters that are properly resolved at a resentencing hearing on remand. **See Wilson**, 829 A.2d at 1202 n.6 (after concluding that the evidence was insufficient to support the school zone enhancement, the **Wilson** Court vacated Wilson's judgment of sentence, remanded for resentencing, and noted: "[w]e leave it to the Commonwealth to decide whether it will present evidence at re-sentencing that the drug buy occurred within a school zone, thereby allowing the sentencing court to conclude that the Commonwealth has met its burden").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2021